UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 4:00-256-004-CMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Patrick Dewayne Todd, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

Defendant has filed a letter with the court, requesting "counseling" regarding the applicability of a recent decision of the Fourth Circuit to his case. Letter at 1 (ECF No. 76, filed Jan, 10, 2012).

Defendant's letter is properly treated as a motion for relief under 28 U.S.C. § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Defendant's letter motion seeks to directly attack his sentence.

If this court construes this letter motion as one for relief under § 2255, Defendant must be given the opportunity to either withdraw the motion, or amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would

1

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed letter as a motion for relief under § 2255, the court notifies Defendant of its intent to construe the letter filed January 10, 2012, as a motion for relief under § 2255. Defendant shall either move to withdraw the letter <u>if he so chooses</u>, or amend it to include all the grounds for relief he wishes to pursue by **Friday, February 3, 2012**.[2]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 24, 2012

---

be barred absent this permission to file.

[2] It appears that Defendant would not be entitled to relief in a § 2255 motion for a number of reasons. First, a § 2255 motion seeking relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), would likely be untimely. Title 28, United States Code Section 2255(f)(3) provides that a motion for relief under § 2255 must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made applicable to cases on collateral review . . . ." The Supreme Court case upon which Defendant relies, *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), was decided June 14, 2010. Therefore, even if *Carachuri-Rosendo* was retroactively applicable to motions for relief under § 2255, Defendant's motion was not filed until October 14, 2011. The Fourth Circuit's decision in *Simmons* is an application of *Carachuri-Rosendo*.

Even assuming *Carachuri-Rosendo* is retroactively applicable and equitable tolling applied to make a § 2255 motion timely, Defendant would likely not be entitled to relief on the merits of his claim. While it appears that the North Carolina conviction listed in Defendant's Presentence Report (Columbus County, North Carolina Docket no. 93-CR-1460) was a misdemeanor conviction, Defendant had several other convictions which qualify him as an armed career criminal, including three North Carolina convictions for breaking and entering and three South Carolina convictions for second degree burglary.